# In the United States Court of Federal Claims

No. 19-562T

Filed: January 28, 2020

NOT FOR PUBLICATION

| | |
|---|---|
| ROBERT HITSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; RCFC 12(b)(1); Subject-Matter |
| v. ) | Jurisdiction; Tax Refund Claim; 26 |
| ) | U.S.C. § 6532; 26 U.S.C. § 7422(a); |
| THE UNITED STATES, ) | Default Judgment. |
| ) | |
| Defendant. ) | |
| ) | |

*Robert Hitsman*, Dent, MN, plaintiff *pro se*.

*Margaret E. Sheer*, Trial Attorney, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, *G. Robson Stewart*, Assistant Chief, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

I.  **INTRODUCTION**

Plaintiff, *pro se*, Robert Hitsman, brings this action alleging that the government unlawfully collected his assets in connection with the assessment of certain federal income tax for tax years 1979-1988; 1991-1994; 1996-2005; and 2008-2018. Compl. at 1; Pl. Exs. C- E. As relief, plaintiff seeks to recover $96,967.10 in monetary damages from the United States. Compl. at 1.

The government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved for entry of a default judgment, pursuant to RCFC 55. *See generally* Pl. Mot. for Default. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motion for default judgment; and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

This case is one of several tax-related matters before the Court alleging, among other things, that the Internal Revenue Service ("IRS") lacks jurisdiction to collect federal income tax and asserting a claim for damages against the United States. Plaintiff, *pro se*, Robert Hitsman, commenced this particular action on April 8, 2019. *See generally* Compl.

In the complaint, plaintiff alleges that the government injured him by "collecting [his] assets without jurisdiction." *Id.* at 1. Plaintiff also alleges that this matter involves "injury caused by an overreach of authority" by the government. Pl. Resp. at 2. As relief, plaintiff "demands all assets be properly returned" and he seeks to recover $96,967.10 in monetary damages from the United States. *Id.* at 2; Compl. at 1.

To support his claim, plaintiff attaches to the complaint his IRS Forms 1040A for several tax years, including tax years 1979-1988; 1991-1994; 1996-2000, and 2002-2005. Pl. Ex. D. Plaintiff also attaches to the complaint his W-2 Forms for tax years 2001 and 2008-2018, and certain IRS penalty notices that he received for tax years 2001; 2004; 2008-2009; 2011; and 2013-2015. Pl. Exs. C, E.

Plaintiff has not, however, provided proof that he pursued a tax refund claim with the IRS for any of the aforementioned tax years prior to commencing this action. *See generally* Pl. Exs. A-E (showing that plaintiff has not provided proof of any tax refund claims); *see also* Def. Mot. at 8. Plaintiff also does not dispute that he failed to satisfy his entire tax liability for tax years 2006, 2010, and 2011. *See generally* Pl. Resp. (showing that plaintiff does not dispute that he did not fully pay his tax liability for tax years 2006, 2010 and 2011); *see also* Def. Ex. D.

On June 4, 2018, plaintiff filed a petition in the United States Tax Court disputing a notice of deficiency and notice of determination concerning a collection action related to his federal income tax for tax years 1979-2017. Def. Ex. A. The Tax Court dismissed this petition

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl.") and the exhibits attached thereto ("Pl. Ex."); the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); and plaintiff's response and opposition to the government's motion to dismiss ("Pl. Resp"). Unless otherwise noted herein, the facts recited are undisputed.

for lack of jurisdiction on July 17, 2018. Pl. Ex. A. Thereafter, plaintiff commenced this action. *See generally* Compl.

### B. Procedural Background

Plaintiff commenced this action on April 8, 2019. *See generally id.* On June 17, 2019, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On July 8, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On July 18, 2019, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

On August 12, 2019, plaintiff filed a sur-reply by leave of the Court. *See generally* Pl. Sur-Reply. On October 21, 2019, plaintiff filed a motion for default judgment, pursuant to RCFC 55. *See generally* Pl. Mot for Default.

These matters having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*. This Court grants parties that are proceeding *pro se* greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). But, "justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). And so, the Court may excuse ambiguities in plaintiff's complaint, but the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

In this regard, this Court has long recognized that "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). And so, the *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider his claim. *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

3

**B.     RCFC 12(b)(1)**

When deciding a motion to dismiss for lack of subject-matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). Plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

In this regard, it is well-established that this Court does not possess subject-matter jurisdiction to review tort claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204

(2010). This Court is also without jurisdiction to consider claims brought pursuant to the Due Process Clauses of the Constitution, because they do not obligate the payment of money. *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (2016), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017); *Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (stating that due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act). And so, the Court must dismiss tort and due process claims for lack of subject-matter jurisdiction.

### C. Tax Refund Claims

The Tucker Act does authorize this Court to adjudicate certain tax refund claims against the government. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Ont. Power Generation v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *Shore v. United States*, 9 F.3d 1524, 1525 (Fed. Cir. 1993). But, the Court's jurisdiction to entertain tax refund cases is limited to those situations where the taxpayer has complied with the relevant provisions of the Internal Revenue Code. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).

The applicable requirements of the Internal Revenue Code are set forth in title 26, United States Code, section 7422(a), which provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). And so, this Court may not consider a claim to recover any internal revenue tax, unless the taxpayer first files a claim for a tax refund with the IRS. *Strategic Hous. Fin. Corp. of Travis Cty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010).

In addition, title 26, United States Code, section 6532(a) requires that a taxpayer must wait six months from the date on which the taxpayer filed a tax refund claim with the IRS before filing suit in this Court. 26 U.S.C. § 6532(a)(1). The only exception to this rule is that a taxpayer may immediately commence suit in this Court if the IRS rejects the taxpayer's tax

5

refund claim. *Id.* And so, the Court must dismiss a tax refund claim for lack of subject-matter jurisdiction, if the complaint is filed less than six months after the taxpayer filed a tax refund claim with the IRS, unless the IRS has already rejected that claim. *Dumont v. United States*, 345 F. App'x 586, 590 (Fed. Cir. 2009).

Lastly, a taxpayer must abide by the "full payment rule" to bring a tax refund claim in this Court. This rule requires that a taxpayer fully pay the federal income tax at issue prior to bringing a suit for a tax refund. *Flora v. United States*, 357 U.S. 63, 75 (1958); *accord Shore*, 9 F.3d at 1527 ("The Flora full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action . . . ."). If a tax deficiency exists, the Court does not possess subject-matter jurisdiction to consider the tax refund claim. *Shore*, 9 F.3d at 1526-27.

## IV.   LEGAL ANALYSIS

The government has moved to dismiss this matter upon the ground that the Court does not possess subject-matter jurisdiction to consider plaintiff's claim, pursuant to RCFC 12(b)(1). Def. Mot. at 7-10. Plaintiff has also moved for entry of a default judgment, pursuant to RCFC 55. *See generally* Pl. Mot. for Default. For the reasons discussed below, plaintiff has not met his burden to show that his claim falls within the Court's limited jurisdiction under the Tucker Act. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES-AS-MOOT** plaintiff's motion for default judgment; and (3) **DISMISSES** the complaint.

### A.   The Court May Not Consider Plaintiff's "Overreach" Claim

As an initial matter, the Court must dismiss plaintiff's claim alleging that the government has overreached its authority by collecting his assets. Pl. Resp. at 2. In his response and opposition to the government's motion to dismiss, plaintiff states that he asserts a "jurisdictional claim" against the government for "injury caused by [the government's] overreach of authority," apparently in connection with the collection of his federal income tax. *Id.* at 1-2.

Plaintiff fails to identify a legal basis for his claim. But to the extent that plaintiff alleges a claim sounding in tort, for wrongful levy, the improper imposition of a lien, or a constitutional claim based upon the Due Process Clauses of the Constitution, the Court is without jurisdiction to consider his claim.

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *see also Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims."). The United States Court of Appeals for the Federal Circuit has also held that this Court is without jurisdiction to entertain a claim for damages flowing from the allegedly unlawful collection activities of the IRS, and such claims must be brought before a United States district court. *Ledford v. United States*, 297 F.3d. 1378, 1382 (Fed. Cir. 2002); *see also Zolman v. United States*, Nos. 17-1901T, 17-1902T, 2018 WL 1664690, at *2 (Fed. Cl. April 6, 2018) (holding that the Court does not possess subject-matter jurisdiction to consider damages claims resulting from unauthorized collection actions, or failure to release a lien under either 26 U.S.C. §§ 7432(a) or 7433(a)).

This Court is similarly without jurisdiction to entertain claims challenging the imposition of tax liens, because such claims must be brought before a United States district court by a third party. *Zolman*, 2018 WL 1664690, at *1-*2. It is also well-established that this Court lacks subject-matter jurisdiction to hear constitutional claims based upon the Due Process Clauses of the Fifth and Fourteenth Amendments. *Kenyon v. United States*, 127 Fed. Cl. 767, 773 (Fed. Cl. 2016), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017); *Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015) (stating that due process claims are not considered to be money-mandating because they are outside of the scope of the jurisdiction granted to the Court of Federal Claims by the Tucker Act). Given this, the Court must dismiss plaintiff's overreach claim for lack of subject-matter jurisdiction, because he has not shown that the Court may entertain this claim under the Tucker Act. RCFC 12(b)(1).

### B. The Court May Not Consider Plaintiff's Tax Refund Claim

To the extent that plaintiff's claim can be construed as a tax refund claim, the Court must also dismiss this claim because plaintiff has not satisfied the jurisdictional prerequisites to bring such a claim in this Court. As the government correctly observes in its motion to dismiss, plaintiff must have: (1) timely filed a refund claim with the IRS and (2) fully paid his tax

liability before commencing this action, to invoke the Court's jurisdiction. 26 U.S.C. § 7422; *Shore*, 9 F.3d at 1526-27.

In this case, plaintiff has not shown that he can satisfy either of these jurisdictional requirements. First, plaintiff has not shown that he timely filed a refund claim with the IRS before commencing this action, because he fails to provide proof of a tax refund claim for *any* of the tax years at issue in this case. Pl. Exs. A-E (showing that plaintiff did not provide proof of a tax refund claim for any of the tax years at issue). Plaintiff also does not dispute that he did not fully pay his tax liability for several of the tax years at issue in this case, namely, tax years 2006, 2010 and 2011. *See generally* Pl. Resp. (showing that plaintiff does not dispute that he did not fully pay his tax liability for tax years 2006, 2010 and 2011); *see also* Def. Ex. D. And so, the Court must dismiss plaintiff's tax refund claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### C. The Court Denies Plaintiff's Motion For A Default Judgment

As a final matter, the Court must also deny plaintiff's motion for entry of a default judgment. *See generally* Pl. Mot. for Default. On October 21, 2019, plaintiff moved for entry of a default judgment because the government did not respond to his sur-reply in opposition to the government's motion to dismiss. *Id.* at 1. Because the Court concludes that it does not possess subject-matter jurisdiction to consider plaintiff's claim, the Court DENIES plaintiff's motion for entry of a default judgment as moot. *See Wojtczak v. United States*, No. 12-499C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").[2]

### V. CONCLUSION

In sum, plaintiff has not met his burden to show that his claim falls within the Court's limited subject-matter jurisdiction under the Tucker Act. And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;

---

[2] Plaintiff's motion for a default judgment is also without merit because the government had no obligation to respond to his sur-reply.

2. **DENIES-AS-MOOT** plaintiff's motion for default judgment; and

3. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge